MOLIS ESTATE *v.* WAYNE COUNTY BOARD OF AUDITORS.

1. COURTS—PROBATION OFFICERS—SICK LEAVE—STATUTES.

Probation officers of the recorder's court of Detroit *held,* under pertinent statutes, entitled to be credited retroactively, as well as prospectively, with sick leave based upon their service the same as classified employees of the county under rules adopted by the county civil service commission, and upon separation from service are entitled to be reimbursed for the unused annual and sick leave under said rules (CL 1948, § 46.76; CLS 1961, § 771.7).

2. COSTS—PROBATION OFFICERS OF RECORDER'S COURT OF DETROIT—SICK LEAVE.

No costs are allowed in action by probation officers of the recorder's court of Detroit to enforce right to receive value of sick leave upon separation from service (CL 1948, § 46.76; CLS 1961, § 771.7).

Appeal from Wayne; Kaufman (Nathan J.), J. Submitted April 8, 1964. (Calendar No. 22, Docket No. 50,402.) Decided June 1, 1964.

REFERENCES FOR POINTS IN HEADNOTES

[1] 15 Am Jur 2d, Civil Service § 30.
Rights of public officers or employees as regards "sick leave." 168 ALR 476.
[2] 14 Am Jur, Costs §§ 25-28.

Review, brought by the estate of Julius E. Molis, deceased, of the decision of the Wayne County Board of Auditors denying partial salary remuneration for unused sick leave days. Seventy-eight others joined as intervening plaintiffs for determination of rights. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Paul R. Mahinske,* for plaintiffs.

*Samuel H. Olsen,* Prosecuting Attorney, *Aloysius J. Suchy* and *F. Clifton Lind,* Assistant Prosecuting Attorneys, for defendant.

BLACK, J.    This appeal was taken from a judgment of the Wayne circuit court, entered under section 6 of PA 1909, No 58 (CL 1948, § 46.76 [Stat Ann 1961 Rev § 5.526]), following an appeal to that court from a decision made by the Wayne county board of auditors under section 1 of said act.    The controlling question is posed by the appellant board of auditors as follows:

"Do the provisions of PA 1959, No 252,[1] grant to probation officers of the recorder's court of the city of Detroit the right to receive upon separation from service with the recorder's court of the city of Detroit, 1/2 of the value of any unused sick leave days which they may have accumulated during said service?"

Judge Kaufman, presiding in circuit, answered in the affirmative.    The appellant board contends for a negative answer.

The question is not too well briefed.    We gather that the appeal to this Court was taken to "get the question settled" after—apparently—it had been

[1] CLS 1961, § 771.7 (Stat Ann 1963 Cum Supp § 28.1137).—RE-PORTER.

acquiescently settled by the prosecuting attorney's presently identified opinion of 1960; also that the parties desire a decision of this Court rather than an opinion of the attorney general. We proceed on such assumptions.

Appellees rely upon an opinion of the Wayne county prosecuting attorney dated October 18, 1960 (No 1570) and a consistent but unpublished opinion of the attorney general dated January 3, 1963.* The same prosecuting attorney, ignoring these opinions, simply says that the appellee probation officers are not county employees and that the county civil service act (CL 1948 and CLS 1961 § 38.401 *et seq.,* as amended [Stat Ann 1961 Rev and Stat Ann 1963 Cum Supp § 5.1191(1) *et seq.*]), "has not been amended to include them."

According to appellees the county civil service act, which was duly adopted by the electors of Wayne county, must be construed and applied with 2 amendments of the criminal code. Such amendments were made by PA 1958, No 85, and PA 1959, No 252. We agree. Looking at all these statutory provisions as a unit, we uphold the conclusion reached by the attorney general. His opinion, *supra,* concludes:

"For the reasons above indicated, probation officers are, in my opinion, entitled to be credited retroactively as well as prospectively with sick leave based upon their service the same as classified employees of the county under rules adopted by the civil service commission, and upon separation from service are entitled to be reimbursed for the unused annual and sick leave to the extent that classified em-

---

* The attorney general's opinion was issued to State Representative Kowalski. Representative Kowalski had submitted to the attorney general the prosecuting attorney's opinion No 1570 for examination and review. The attorney general's opinion may be found in the joint appendix filed herein, commencing at page 58a.

ployees of the county are likewise entitled under said rules."

Affirmed.   No costs.

KAVANAGH, C. J., and DETHMERS, KELLY, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.